## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Aug 13 2015, 8:26 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Steven J. Halbert<br>Carmel, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Robert J. Henke<br>James D. Boyer<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Termination of the Parent-Child Relationship of:

A.B., Jr., (Child),

and,

K.T. (Mother),

*Appellant-Respondent,*

v.

August 13, 2015

Court of Appeals Cause No.
49A04-1501-JT-22

Appeal from the Marion Superior Court
Cause No. 49D09-1407-JT-299

The Honorable Marilyn A. Moores, Judge
The Honorable Larry Bradley, Magistrate

The Indiana Department of Child
Services,

*Appellee-Petitioner.*

**Barnes, Judge.**

## Case Summary

K.T. ("Mother") appeals the termination of her parent-child relationship with her son, A.B.  We affirm.

## Issue

Mother raises one issue, which we restate as whether there is sufficient evidence to support the termination of her parental rights.

## Facts

In 2011, the Department of Child Services ("DCS") became involved with Mother and some of her other children because of Mother's drug use and unstable housing.  In June 2013, A.B. was born, and he tested positive for marijuana and cocaine.  A.B. was determined to be a child in need of services ("CHINS") and placed in foster care.  A plan was established to address Mother's issues with substance abuse, unstable housing, and unemployment.  Mother failed to successfully complete any of the programs referred by DCS.  In

July 2014, DCS filed a petition to terminate the parent-child relationship between Mother and A.B.[1]

[4] Following a hearing, the trial court issued an order terminating Mother's parental rights. The trial court concluded in part:

> 24. There is a reasonable probability that the conditions that resulted in [A.B.'s] removal and continued placement outside the home will not be remedied by his mother. At the time of trial, [Mother] did not have an income, did not have independent or appropriate housing, and had not addressed her substance abuse. Services to address conditions have been provided since 2011 but have been unsuccessful.

App. p. 15. Mother now appeals.

# Analysis

[5] Mother argues that there is insufficient evidence to support the termination of her parental rights. "When reviewing the termination of parental rights, we do not reweigh the evidence or judge witness credibility." *In re I.A.*, 934 N.E.2d 1127, 1132 (Ind. 2010). We consider only the evidence and reasonable inferences most favorable to the judgment. *Id.* "We must also give 'due regard' to the trial court's unique opportunity to judge the credibility of the witnesses." *Id.* (quoting Indiana Trial Rule 52(A)). Where a trial court enters findings of fact and conclusions thereon, as the trial court did here, we apply a two-tiered standard of review. *Id.* "First, we determine whether the evidence supports the findings, and second we determine whether the findings support the judgment."

---

[1] Mother's other children were not involved in this termination proceeding.

*Id.* We will set aside the trial court's judgment only if it is clearly erroneous, which occurs if the findings do not support the trial court's conclusions or the conclusions do not support the judgment. *Id.*

[6] A petition to terminate a parent-child relationship must allege:

> (A) that one (1) of the following is true:
>> (i) The child has been removed from the parent for at least six (6) months under a dispositional decree.
>>
>> (ii) A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.
>>
>> (iii) The child has been removed from the parent and has been under the supervision of a local office or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child;
>
> (B) that one (1) of the following is true:
>> (i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.
>>
>> (ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.
>>
>> (iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;
>
> (C) that termination is in the best interests of the child; and
>
> (D) that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b)(2). DCS has the burden of proving these allegations by clear and convincing evidence. *I.A.*, 934 N.E.2d at 1133.

[7] Mother claims there is insufficient evidence to support the conclusion that the conditions resulting in A.B.'s removal would not be remedied. In making this determination, the trial court judges a parent's fitness at the time of the termination proceeding, balancing a parent's recent improvements against habitual patterns of conduct to determine whether there is a substantial probability of future neglect or deprivation. *In re E.M.*, 4 N.E.3d 636, 643 (Ind. 2014). This balancing is entrusted to the trial court. *Id.* "Requiring trial courts to give due regard to changed conditions does not preclude them from finding that parents' past behavior is the best predictor of their future behavior." *Id.*

[8] Specifically, Mother claims there is reason to believe her drug use will not continue because she is now treating her depression and has stopped using illegal drugs. She also points out that she completed classes to become a certified nursing assistant and will find suitable housing upon employment. She contends she was unable to complete services because of transportation problems, because she was shot by her brother, and because A.B.'s abusive father was participating in classes at the same location. She claims that, after a slow start, her ability to complete services had improved dramatically by the time of the hearing.

[9] Mother is largely asking us to reweigh the evidence of changed conditions, which we cannot do. Although there was evidence that Mother appropriately

parented A.B., the evidence also showed that Mother had not successfully completed any of the required services. Further, Mother did not undergo required drug screens and admitted she had used illegal drugs forty-five days before the termination hearing. As for the evidence that A.B.'s abusive father was participating in intensive out-patient classes in the classroom next to hers, there was also evidence that Mother failed to report this to her family case manager and instead stated she did not have time to attend the classes.

[10] Regarding her housing, Mother testified that she was living with a cousin, but a case manager testified that Mother was living with her mother at the time of hearing. There was evidence that Mother's mother's home was not an appropriate home for A.B. in part because Mother was shot by her brother in that home in 2013 and Mother's family did not provide the necessary support.

[11] While Mother's completion of classes to become a certified nursing assistant is laudable, she testified that she had not found employment in the eight weeks since she had been certified. Likewise, she provided no confirmation of her testimony that she was eligible for Social Security benefits as a result of her injuries from the shooting. Further, Mother testified that, while the CHINS proceeding was pending, she was arrested twice and that, at the time of the termination hearing, she had criminal charges pending against her.

[12] Finally, regarding Mother's suggestion that she just needed more time to complete services, DCS became involved with the family in 2011 for similar issues, and Mother had not successfully addressed any of the issues since that

time. Further, the family case manager and the guardian ad litem both testified that they did not believe Mother would complete services even if she was given more time. This evidence supports the trial court's conclusion that the conditions resulting in A.B.'s removal would not be remedied.

## Conclusion

[13] There is sufficient evidence to support the trial court's conclusion that the conditions resulting in A.B.'s removal would not be remedied. We affirm

[14] Affirmed.

[15] Kirsch, J., and Najam, J., concur.